## THE PEOPLE *v.* QUILICHINI.

### APPEAL from the District Court of Mayagüez.

No. 15.—Decided June 22, 1904.

APPEAL—BILL OF EXCEPTIONS—QUESTIONS OF LAW.—Questions of law arising during the trial, which have not been embodied in a bill of exceptions, cannot be considered and determined by the appellate court.

The facts are stated in the opinion.

*Mr. Smith,* for appellant.

*Mr. del Toro, Fiscal,* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

Santiago Quilichini and Vicente Sulsona were prosecuted in the District Court of Mayagüez for violation of the internal revenue laws. It appears that Quilichini owned a distillery in the town of Sabana Grande, and that Sulsona was a merchant in the said town, having a store about 400 meters distant from the said distillery. Quilichini sent two demijohns of rum by Cornelio Mercado to Sulsona, with an invoice for the same,

instructing him to bring the invoice back for further use. Mercado carried the rum to the store of Sulsona and returned with the empty demijohns, and also with the invoice, and used it on a second trip, carrying the same amount. When the rum was delivered by the messenger to Sulsona, he, by an understanding with Quilichini, did not retain the invoice as the law requires, but returned it to be used a second time. The defendants thus defrauded the Government by a conspiracy out of the sum of $4.80. The District Court of Mayagüez unanimously condemned Quilichini to pay a fine of $300 and Sulsona a fine of $100, each of them to pay one-half of the costs. The judgment was rendered on the 27th of July, 1903. At that time there was no appeal in misdemeanor cases, and this case was not appealed from the District Court of Mayagüez until after the passage of the law of 6th of February, 1904.

Mr. Herbert E. Smith, representing the defendant, Quilichini, applied to this court for an order compelling the justice of the peace who made the preliminary examination to send up the *sumario,* in order that he might use it on the trial of this case; he claiming that according to section 448 of the Code of Criminal Procedure the case should have been quashed or dismissed by the District Court of Mayagüez on the ground stated in that section, there having elapsed more than the prescribed time from the arrest and presentation of the information to the trial. He also made application to take the affidavit or the testimony of Mr. Fernando Vázquez, who represented Quilichini in the District Court, and perhaps before the justice in the examination, in order to prove the points on which he relied. The court granted his request to have the *sumario* sent to this court, which was done, but refused the application to take testimony. After numerous delays the case came on for trial in this court on the 6th of June. Mr. Smith was present and presented an argument in behalf of Quilichini, no one representing Sulsona. The *fiscal* represented the State. Mr. Smith says that the evidence

taken upon the trial showed that his client sold and sent eight gallons of rum from his distillery, with an invoice and with the corresponding stamps, to Sulsona and that it appeared upon the trial that the laborer carrying the rum, Cornelio Mercado, was surprised by the policeman, Nester Gregory, while carrying the eight gallons of rum, with the same invoice which had formerly been sent by his client, and that his client had no intervention whatever in it, and that neither Mercado nor any other person declares that his client delivered to him the rum; while according to the evidence produced by means of various witnesses, although their declarations do not appear in the proceedings of the court, his client, after having sent the eight gallons of rum, went to San Germán, where he remained all day.

I do not think that Mr. Smith puts a proper construction on the testimony of Mercado. His testimony in the record reads as follows: Cornelio Mercado testified that he worked for Quilichini, also for Sulsona; that the former had a distillery and delivered to him two demijohns of rum, with an invoice, which he should carry to Sulsona, telling him that he should return with the same demijohns empty and with the invoice, in order to take others; and answering to the defense, the witness said that Quilichini was in the warehouse when he delivered the demijohns; that no other persons were present; that on arriving at the house of Sulsona he told him that he had brought the rum to the warehouse of his store. In answer to the court, the witness said that he left the rum in the warehouse of Sulsona and took the invoice in order to make the second trip, during which he was arrested by the policeman, Gregory. The witness recognized and identified the invoice which he carried doubled up in his hand the day mentioned in the record. It seems to me that his testimony makes out the case against both parties defendant.

As for the defense which Mr. Smith sets up, about the expiration of more than one hundred and twenty days after

the information had been filed, under section 448 of the Code of Criminal Procedure, that matter was not reserved by bill of exceptions and cannot be considered by this court. The excuse given, that there was at the time no appeal to this court in misdemeanor cases, cannot receive any consideration. We have to take the record as we find it, and according to the record produced before this court, the judgment rendered by the District Court of Mayagüez, fining the defendants $100 and $300, respectively, is just and correct; it may be said to be lenient. It would be much better if offenders of this kind were imprisoned, together with a fine imposed. Only such punishment will have any effect in deterring violators of the revenue laws from attempting to swindle the Government. The judgment of the District Court of Mayagüez must therefore be affirmed.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández and Figueras concurred.

Mr. Justice Sulzbacher did not sit at the hearing in this case.